UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA ESPY,<br><br>                              Plaintiff,<br>   vs.<br>INDEPENDENCE BLUE CROSS,<br><br>                              Defendant. | CASE NO. 12cv952-LAB (WMc)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS** |

Although this case is not designated as a related case, the complaint, allegations, and theories are extremely similar to two other complaints filed by *pro se* litigants and involving payments claimed by Ambulatory Care Surgery Center ("ACSC"). The other cases are *Finn v. United Healthcare Insurance Company*, 12cv296-LAB (WVG); *Espy v. United Healthcare Insurance Company*, 12cv694-LAB (WVG); and *Luebe v. UMR*, 12cv696-LAB (WVG). The first amended complaints in those cases are being dismissed without prejudice, except for state-law claims for negligent misrepresentation and promissory estoppel, which are being dismissed with prejudice as preempted. For similar reasons, the complaint in this case is subject to dismissal.

The FAC alleges that Defendant Independence Blue Cross ("Blue Cross") told Plaintiff Rhonda Espy a particular procedure would be covered, up to 50% of reasonable and customary fees. The clinic, Ambulatory Care Surgery Center ("ACSC") confirmed this, and was also told that payment would be subject to a $5,000 deductible charge and a $10,000

stop loss. Luebe had the procedure and was billed $53,530.00, but UMR paid only $740.28. There is some dispute about who was liable for the remainder, however. In its motion to dismiss, Blue Cross cites exhibits to the FAC, and argues Espy assigned her benefits to ACSC. The Court has reviewed the documents, but it isn't obvious how they show Espy has assigned her benefits. Assuming she has assigned them, she no longer has standing to sue for them, of course.

The FAC alleges UMR is the claims administrator under an employer-sponsored health benefit plan, which is subject to ERISA. The FAC seeks relief under ERISA, § 502(a)(1)(b) (29 U.S.C. § 1132(a)(1)(b)), and also under state-law theories of negligent misrepresentation and promissory estoppel.

Blue Cross has moved to dismiss, arguing the FAC fails to state a claim, and Espy's state-law claims for negligent misrepresentation and promissory estoppel are preempted and fail to state a claim. The motion also asks the Court to strike Espy's requests for attorney's fees and a jury trial.

**Standard for Motion to Dismiss**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a motion to dismiss, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars–Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

To avoid dismissal, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and its factual allegations must "raise the right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain enough factual allegations that, if accepted as true, would state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Espy cites the old "no set of facts" standard announced in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), but the Supreme Court expressly repudiated that standard in *Twombly*.

While the scope of review on a motion to dismiss for failure to state a claim is ordinarily limited to the contents of the complaint as well as any "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**Discussion**

### What Level of Benefit the Plan Provided For

The FAC doesn't quote the plan document or any other binding document, but the motion to dismiss does. It cites the plan's Benefit Booklet-Certificate, which is alleged to be one of the plan documents.[1] In her opposition, Espy ignores the booklet. She doesn't challenge its authenticity; she just fails to address it at all. Instead, she focuses on the plan document, which is attached to the motion to dismiss. (Docket no. 10-4 at 21.)[2] The plan document doesn't say what Espy's opposition seems to believe it says, however. She alleges it obligates Blue Cross to pay a contracted-for "percentage of Provider's Reasonable Charge," but this isn't what the cited pages say. The plan language is in fact far more general and gives the insurer a good deal more discretion and leeway than Espy argues it does. Espy then changes her tack and argues the provision is vague and does not give anyone reasonable notice of what the insurer will pay. She then urges the Court to adopt her

---

[1] The booklet isn't alleged to be a summary plan description, but it does explain the way benefits are calculated and thus is the type of document that is often considered part of the plan documents. *See Gunn v. Reliance Standard Life Ins.* Co., 399 Fed. Appx. 147, 150 (9th Cir. 2010 (citing *Horn v. Berdon, Inc. Defined Benefit Pension Plan*, 938 F.2d 125, 127 (9th Cir. 1991) and 29 C.F.R. § 2520.102-3(s)) (ERISA plan may be made up of several booklets and documents).

[2] The opposition also cites "Varzally Decl. Ex. 1, Page 9, 22" which apparently refers to Docket no. 10-4 at 8 and 21." This is followed by a citation to "*Id*., ¶ 27," which apparently refers to Docket no. 10-4 at 20.

own interpretation of the plan language, *i.e.*, that Blue Cross must "actually pay a reasonable, customary and widely accepted rate for medical services . . . ." (Opp'n at 4:5–8.)

The booklet Blue Cross cites explains what a covered expense means. ACSC, it is undisputed was a non-preferred provider that had no agreement with Blue Cross. The definition of "covered expense" applicable to it is therefore found in subsection (A)(3). provision says:

> "Covered Expense" means the lesser of the: (a) Facility Provider's allowable charges, (b) Medicare Allowable Payment; or (c) Reasonable and Customary Charge for the Covered Services.

(Docket no. 10-4 at 55.) Blue Cross relies on clause (b), and argues that because the Medicare allowable payment is the lowest of the three charges, the amount actually payable according to the schedule of benefits was equal to 50% of the Medicare allowable payment.

Espy has failed to address this argument, and the FAC is subject to dismissal because of it. It is unclear whether she can successfully amend if given the chance to do so. If she attempts to amend, she must identify language in plan documents that supports her position, and she must explain why the language cited by Blue Cross isn't applicable or doesn't mean what it appears to mean.

**Whether Espy Assigned Her Rights**

Although Blue Cross initially argued Exhibits A and B to the FAC showed Espy had assigned her rights, it backed off from this assertion later, merely arguing that she "apparently" did so, and making clear Blue Cross was merely assuming that the assignment was made and is valid. (Mot. to Dismiss at 2 n.2.) Blue Cross also points out the FAC dropped allegations that Espy was liable to ACSC because of Blue Cross's failure to pay its bill; it now only alleges that ACSC's bills have not been paid, and doesn't allege how Espy has been damaged.

If it is true Espy assigned her right to plan benefits to ACSC, she is no longer entitled to benefits (as to these claims) and has no standing to sue for them. Instead, ACSC stands in her proverbial shoes. and must sue on its own. *See Blue Cross of Calif. v. Anesthesia Care Assocs. Medical Group*, Inc., 187 F.3d 1045, 1051 (9th Cir. 1999) (citing *Misic v.*

*Building Serv. Employees Health & Welfare Trust*, 789 F.2d 1374, 1377 (9th Cir. 1986)) (explaining that because a health care provider-assignee "stands in the shoes of the beneficiary," the assignee has standing to sue to recover benefits under the plan, pursuant to ERISA § 502(a)(1)(B)). A beneficiary who has assigned her rights has not experienced a compensable injury and can obtain no relief from a favorable ruling, and therefore has no standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61(1992) (setting forth elements of Article III standing).

Standing is a jurisdictional issue, and the Court is obligated to address this issue before reaching the merits of the case. Espy should therefore file an amended complaint only if she has <u>not</u> assigned her benefits under the plan. If she does file an amended complaint, it should explain why she has standing to sue for benefits. As Blue Cross's reply points out, Espy must make only allegations she has a good faith belief are true.

Obviously, Espy knows whether she assigned her benefits. Therefore, any amended complaint she files <u>must</u> be supported by a declaration under penalty of perjury stating clearly and unequivocally that she has not assigned her benefits.

**Preemption of State Law Claims**

Espy argues in the alternative that because Blue Cross led her and ACSC to believe her procedures would be covered to a greater extent, Blue Cross is liable under either a negligent misrepresentation theory or a promissory estoppel theory.

To the extent Espy's claims for negligent misrepresentation and for promissory estoppel are based on Blue Cross's failure to pay benefits provided for under the plan, they are preempted by ERISA. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) (quoting *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1095 (9th Cir.1985)) ("We have held that 'ERISA preempts common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit and breach of contract.'"); *Bernstein v. Health Net Life Ins. Co.*, 2012 WL 5989348, slip op. at *5 (S.D.Cal., Nov. 29, 2012) (citations omitted) (holding state law negligent misrepresentation and estoppel claims, which depended on the defendant's failure to pay the benefit, were preempted by ERISA).

To the extent Espy is admitting the plan didn't really provide for the higher level of benefits she now seeks but Blue Cross misled her into thinking it did, his claim requires the existence of a plan and construction of the plan's terms in order to compare them with the representation. As such, it is preempted. *See Peralta v. Hispanic Business, Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005) (citing *Providence Health Plan v. McDowell*, 385 F.3d 1168 (9th Cir. 2004)) (claims requiring construction of plan terms are preempted). *See also Cleghorn v. Blue Shield of Calif.*, 408 F.3d 1222, 1225 (9th Cir. 2005) (holding that state causes of action that would supplement remedies provided under ERISA are preempted).

The Ninth Circuit has recognized an equitable estoppel theory under ERISA. To bring such a claim, Espy must adequately allege a material misrepresentation, reasonable and detrimental reliance upon it, extraordinary circumstances, ambiguity in the plan terms (such that reasonable persons could disagree as to their meaning or effect), and representations involving an oral interpretation of the plan. *See Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). She hasn't pleaded those elements, but it may be possible for her to amend her complaint to do so.

Espy argues that her claim, in part, relies on Blue Cross's having deceived her health care provider, ACSC, but she lacks standing to assert ACSC's rights, and he does not identify any state cause of action arising from deception of a plaintiff's health care provider. It may be that ACSC can bring a state-law claim, *see Marin Gen'l Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009) (claim by hospital that insurer breached agreement with hospital to pay 90% of insured's charges was not completely preempted by ERISA), but only if it is acting in its own capacity rather than as Espy's assignee. *See Cedars-Sinai*, 497 F.3d 972, 978 (9th Cir. 2007) (because hospital was suing as independent entity claiming damages, rather than as assignee of purported ERISA beneficiary, claims were not completely preempted).

**Requests for Attorney's Fees and Jury Trial**

Blue Cross correctly points out because Espy is proceeding *pro se*, she cannot recover attorney's fees. She also has no right to jury trial for ERISA claims, and her state-law

claims are both being dismissed. Only if she is able to plead a non-ERISA claim for which a jury trial was provided would her jury demand be granted.

**Conclusion and Order**

For the reasons set forth above, Blue Cross's motion to dismiss is **GRANTED IN PART**. The FAC is **DISMISSED WITHOUT PREJUDICE**, except Espy's state-law claims for negligent misrepresentation and promissory estoppel, which are **DISMISSED WITH PREJUDICE**.

Because Espy is proceeding *pro se* and because it is not clear she can't successfully amend, she will be given leave to do so. If Espy thinks she can successfully amend her complaint, she may do so. Her amended complaint must remedy <u>all</u> the defects identified in this order, must not include claims dismissed with prejudice, must attach the required declaration showing she has not assigned her rights, and must be filed within <u>**35 calendar days of the date this order is issued**</u>.

**A second amended complaint that doesn't comply with this order will be subject to being stricken, which could result in her case being dismissed with prejudice.**

**IT IS SO ORDERED**.

DATED: March 20, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge